UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAFAEL SEBASTIAN MARCO
OLIVERA,

        Petitioner,

    v.

WARDEN MATTHEW MORDANT,
KELEI B. WALKER, SECRETARY
KRISTI NOEM, ATTORNEY
GENERAL PAMELA BONDI,
TODD LYONS, CHARLES PARRA,
KEVIN GUTHRIE,

        Respondents,

Case No. 2:26-cv-547-KCD-NPM

_____/

## ORDER

Rafael Sebastian Marco Olivera is an immigration detainee currently held at the Florida Soft-Side South Detention Facility—a state-run facility better known as Alligator Alcatraz. He wants out. To that end, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his ongoing detention violates federal law and the Constitution. (Doc. 1.) His petition casts a wide net. It names the facility's warden, Matthew Mordant, the Executive Director of the Florida Division of Emergency Management, Kevin Guthrie, and a host of federal officials. (*Id*. at 6-8.)[1]

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Mordant and Guthrie have moved to dismiss the petition, arguing they are improper respondents. (Doc. 7.) Their logic is highly practical: while the state manages the physical facility, it does so under a contract with U.S. Immigration and Customs Enforcement ("ICE"). In their view, ICE calls all the shots—ICE selects the detainees, ICE transports them, and ICE alone holds the legal authority to authorize their release. (*Id.* at 8-9.) Because they are merely carrying out federal directives, Mordant and Guthrie insist they are just functionaries and the true custodian is ICE.

The Court has already addressed this issue as it pertains to Warden Mordant. *See Jimenez v. Mordant*, No. 2:26-CV-451-KCD-NPM, 2026 WL 820536, (M.D. Fla. Mar. 25, 2026). The federal habeas statute is short, simple, and direct. It tells a petitioner exactly who to sue: "the person who has custody over him." 28 U.S.C. § 2242. And it tells the court exactly who to direct the writ to: "the person having custody of the person detained." *Id.* § 2243. So when a habeas petitioner makes a "core" challenge to his present physical confinement, as here, the default rule is straightforward: the proper respondent is the warden of the facility where the prisoner is held. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

The habeas statute is not concerned with who holds the ultimate legal authority. It targets the immediate custodian with the physical ability to unlock the cell door and produce the petitioner's body before the court. That

2

eminently practical rule makes perfect sense, because if a court grants the writ, it is the facility's warden—not an agency director hundreds of miles away—who must actually comply by bringing the prisoner forward or letting him walk out the door. *See Padilla*, 542 U.S. at 435 (noting the proper respondent is "the person with the ability to produce the prisoner's body before the habeas court"). Mordant is Olivera's immediate physical custodian. That makes him a proper respondent to a petition demanding release, as here. *See, e.g.*, *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006).

Executive Director Guthrie, however, is a different story. He heads a state agency. He does not exercise day-to-day, physical control over the detainees at Alligator Alcatraz. As the Supreme Court made clear in *Padilla*, a supervisory official who is miles away from the physical reality of the detainee's confinement is not a proper respondent in a core habeas challenge. That remains true even if they maintain "legal control" over the facility. *Padilla*, 542 U.S. at 439. Olivera offers no legal argument, no factual basis, and no logical chain to keep Guthrie in this lawsuit. Instead, he simply asserts that because Warden Mordant is a proper respondent, "therefore so is Kevin Guthrie." (Doc. 8 at 2.) That is a non sequitur, not a legal argument. The habeas statute demands immediate physical custody, which Guthrie simply does not have. With no other argument to anchor him to this case, he must be dismissed.

3

For the reasons stated, Respondents' Motion to Dismiss (Doc. 7) is **GRANTED IN PART AND DENIED IN PART**. The motion is **DENIED** as to Warden Matthew Mordant. He remains a proper respondent in this action. The motion is **GRANTED** as to Executive Director Kevin Guthrie. Guthrie is **DISMISSED** from this proceeding.

**ORDERED** in Fort Myers, Florida on April 8, 2026.

Kyle C. Dudek
United States District Judge